FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA JAN 10 AM 11: 53
FORT WAYNE DIVISION

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

EQUAL EMPLOYMENT OPPORTUNITY          )
COMMISSION,                           )
                                      )
              Plaintiff,              )    CIVIL ACTION NO.
                                      )       1:11 C V 015 PPS
       v.                             )    COMPLAINT
                                      )
AFFILIATED COMPUTER SERVICES, INC.,   )    JURY TRIAL DEMANDED
and ALPHA RAE PERSONNEL, INC.,        )
                                      )
              Defendants.             )
                                      )

## NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Patricia Parker who was adversely affected by such practices. As alleged with greater particularity in paragraphs 12 through 19 below, Defendants discriminated against Parker, a qualified individual with disabilities, because of her disabilities by terminating her employment relationship with Defendants Affiliated Computer Services, Inc., and Alpha Rae Personnel, Inc., and by failing to accommodate Parker's disabilities despite Parker's requests for accommodations.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

    2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Fort Wayne Division.

PARTIES

    3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3).

    4.      At all relevant times, Defendant, Affiliated Computer Services, Inc., a Connecticut corporation ("ACS"), has continuously been doing business in the State of Indiana and the City of Marion, and has continuously had at least 15 employees.

    5.      At all relevant times, Defendant ACS has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

    6.      At all relevant times, Defendant ACS has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

    7.      At all relevant times, Defendant, Alpha Rae Personnel, Inc., an Indiana corporation ("Alpha Rae"), has procured for employees opportunities to work for a covered employer, or has procured employees for a covered employer, within the meaning of Section

2

101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

8.    At all relevant times, Defendant Alpha Rae has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

9.    At all relevant times, Defendant Alpha Rae has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10.    At all relevant times, Defendant ACS was a joint employer of Patricia Parker. Defendant ACS, among other considerations: (1) had the right, and exercised the right, to control when, where, and how Patricia Parker performed her work; (2) set the hours of work and the duration of Patricia Parker's job; (3) provided training necessary to perform Patricia Parker's work; (4) supervised Patricia Parker; (5) furnished Patricia Parker with all of the tools, materials, and equipment necessary to perform the job; (6) required Patricia Parker to perform her work on premises operated by it; and (7) required Patricia Parker to perform work which was part of its regular business.

11.    At all relevant times, Defendant Alpha Rae was a joint employer of Patricia Parker. Defendant Alpha Rae, among other considerations: (1) sought out, interviewed, and hired Patricia Parker for assignment to Defendant ACS; (2) determined when and where Patricia Parker should report to work; (3) paid Patricia Parker's wages; (4) stated to Patricia Parker that she was an employee of Defendant Alpha Rae; (5) withheld from Patricia Parker's wages taxes and social security; and (6) had the right to discharge Patricia Parker's employment.

STATEMENT OF CLAIMS

3

12.     More than thirty days prior to the institution of this lawsuit, Patricia Parker filed a charge with the Commission alleging violations of Title I of the ADA by Defendant ACS. All conditions precedent to the institution of this lawsuit regarding the charge of discrimination against Defendant ACS have been fulfilled.

13.     More than thirty days prior to the institution of this lawsuit, Patricia Parker filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Alpha Rae. All conditions precedent to the institution of this lawsuit regarding the charge of discrimination against Defendant Alpha Rae have been fulfilled.

14.     On or about February 8 and February 9, 2010, Defendant ACS, acting as an employer of Patricia Parker under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), engaged in unlawful employment practices at the facility located at 100 North Pennsylvania Street, Marion, Indiana, 46952, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

        a.     Defendant ACS unlawfully discriminated against Patricia Parker by terminating Patricia Parker's assignment to Defendant ACS because of her disabilities, Fuchs' Dystrophy and tinnitus, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

        b.     Defendant ACS unlawfully discriminated against Patricia Parker by failing to provide Patricia Parker with reasonable accommodations in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A).

15.     The effect of the practices complained of in paragraph 14 above has been to deprive Patricia Parker of equal employment opportunities and otherwise adversely affect her status as an employee because of her disabilities.

4

16.     On or about February 8 and February 9, 2010, Defendant Alpha Rae engaged in unlawful employment practices at the facility located at 100 North Pennsylvania Street, Marion, Indiana, 46952, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

a.     Defendant Alpha Rae unlawfully discriminated against Patricia Parker by terminating Patricia Parker's assignment to Defendant ACS because of her disabilities, Fuchs' Dystrophy and tinnitus, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

b.     Defendant Alpha Rae unlawfully discriminated against Patricia Parker by failing to provide Patricia Parker with reasonable accommodations in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A).

c.     Defendant Alpha Rae unlawfully discriminated against Patricia Parker by acceding to or participating in Defendant ACS's failure or refusal to provide Patricia Parker with reasonable accommodations in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A).

d.     Defendant Alpha Rae unlawfully discriminated against Patricia Parker by acceding to Defendant ACS's request that Patricia Parker be removed from her assignment by Defendant Alpha Rae to Defendant ACS, in violation of Section 102(a) and (b)(2) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(2).

e.     Defendant Alpha Rae unlawfully discriminated against Patricia Parker by failing to assign Patricia Parker to other positions and by terminating

Patricia Parker's employment, in violation of Section 102(a) of Title I of

the ADA, 42 U.S.C. § 12112(a).

17.     The effect of the practices complained of in paragraph 16 above has been to

deprive Patricia Parker of equal employment opportunities and otherwise adversely affect her

status as an employee because of her disabilities.

18.     The unlawful employment practices complained of in paragraphs 14 and 16 above

were intentional.

19.     The unlawful employment practices complained of in paragraphs 14 and 16 above

were done with malice or reckless indifference to the federally protected rights of Patricia Parker.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant ACS, its officers, agents,

servants, employees, attorneys, and all persons in active concert or participation with it, from

denying training, denying reasonable accommodation, and terminating employment because of a

disability.

B.     Grant a permanent injunction enjoining Defendant Alpha Rae, its officers, agents,

servants, employees, attorneys, and all persons in active concert or participation with it, from

denying training, denying reasonable accommodation, and terminating employment because of a

disability.

C.     Order Defendant ACS to institute and carry out policies, practices, and programs

which provide equal employment opportunities for qualified individuals with disabilities, and

which eradicate the effects of its past and present unlawful employment practices.

6

D.    Order Defendant Alpha Rae to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

E.    Order Defendant ACS to make whole Patricia Parker by providing appropriate backpay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay.

F.    Order Defendant Alpha Rae to make whole Patricia Parker by providing appropriate backpay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay.

G.    Order Defendant ACS to make whole Patricia Parker by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 and 16 above, including job search expenses and medical expenses, in amounts to be determined at trial.

H.    Order Defendant Alpha Rae to make whole Patricia Parker by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 and 16 above, including job search expenses and medical expenses, in amounts to be determined at trial.

I.    Order Defendant ACS to make whole Patricia Parker by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in

paragraphs 14 and 16 above, including emotional pain and suffering, in amounts to be determined at trial.

   J.  Order Defendant Alpha Rae to make whole Patricia Parker by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14 and 16 above, including emotional pain and suffering, in amounts to be determined at trial.

   K.  Order Defendant ACS to pay Patricia Parker punitive damages for its malicious and reckless conduct, as described in paragraph 19 above, in amounts to be determined at trial.

   L.  Order Defendant Alpha Rae to pay Patricia Parker punitive damages for its malicious and reckless conduct, as described in paragraph 19 above, in amounts to be determined at trial.

   M.  Grant such further relief as the Court deems necessary and proper in the public interest.

   N.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Laurie A. Young
Regional Attorney

Michelle Eisele
Supervisory Trial Attorney

Jonathan Bryant
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204
Jonathan.bryant@eeoc.gov
(317) 226-5588
Fax: (317) 226-5571

9